IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02830-BNB

ROGER SCOTT BLACKBURN,

Applicant,

v.

EXECUTIVE DIR. D.O.C. COLO., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Roger Scott Blackburn is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Blackburn initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging both a prison disciplinary conviction and a state court criminal conviction. On January 16, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Blackburn to file an amended habeas corpus application limited to either his claims challenging the prison disciplinary conviction or the state court criminal conviction. On February 24, 2009, Mr. Blackburn filed an amended habeas corpus application pursuant to § 2254 challenging the validity of his criminal conviction in El Paso County, Colorado, District Court case number 07CR921.

The Court must construe the amended application liberally because Mr. Blackburn is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended habeas corpus application and dismiss the action.

The Court has reviewed the amended habeas corpus application and finds that Mr. Blackburn fails to provide a clear statement of his claims in this action because he fails to allege specific facts in support of those claims. Magistrate Judge Boland specifically advised Mr. Blackburn that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires more than notice pleading, *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977), and that naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Magistrate Judge Boland directed Mr. Blackburn to allege specific facts in support of his claims to demonstrate that his constitutional rights have been violated.

Despite these instructions, Mr. Blackburn fails to provide a clear statement of any federal constitutional claims showing that he is entitled to relief in this action. Instead, Mr. Blackburn states in support of his first claim for relief, which purportedly is a due process claim, that "I envoke [sic] the record (Attached Exhibits) in its entirety, and appeal all contents to the U.S. Dist. Court directly. And do petition the Court to review and consider all claims Attached." (Am. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 at 5.) Mr. Blackburn makes the same statement in support of his second claim, which is labeled "Negligence/Double Jeopardy." (*Id.* at 6.) Mr. Blackburn does not provide any factual support for either of these claims and the

Court's review of the exhibits attached to the amended application does not clarify the claims Mr. Blackburn is asserting in this action. The Court also has reviewed the original application filed in this action, along with the documents attached to the original application, and still is unable to discern the factual basis for the due process and double jeopardy claims Mr. Blackburn apparently intends to assert.

Finally, Mr. Blackburn asserts a third claim for relief in the amended application that is labeled "Deliberate Indifference." (*Id.*) However, Mr. Blackburn alleges in his third claim only that the warden has refused to correct the errors in this case. Mr. Blackburn does not assert any facts in support of his third claim that demonstrate the existence of a constitutional error relevant to the validity of his conviction or sentence in El Paso County District Court case number 07CR921. Therefore, the third claim for relief may not be raised in this habeas corpus action.

In conclusion, the Court finds that the instant action must be dismissed because Mr. Blackburn fails to assert clearly any violations of his federal constitutional rights with respect to the criminal conviction he is attacking in this action. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to assert clearly the violation of a federal constitutional right.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02830-BNB

Roger Scott Blackburn
Prisoner No. 127949
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk